Filed 6/30/23  P. v. Brown CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ISAIAH BROWN, <br><br> Defendant and Appellant. | D080858 <br><br><br> (Super. Ct. No. SCD293281) |

APPEAL from order of the Superior Court of San Diego County, Daniel F. Link, Judge.  Reversed in part and remanded with directions.

Patrick Dudley, under appointment by the Court of Appeal, for Defendant and Appallant.

Rob Bonta, Attorney General, Lance E. Winters and Charles C. Ragland, Assistant Attorneys General, and Donald W. Ostertag and Robin Urbanski, Deputy Attorneys General, for Plaintiff and Respondent.

Isaiah Brown pleaded guilty to first-degree residential burglary.  (Pen. Code,[1] § 459.)  The trial court sentenced him to 365 days in county jail and

---

[1]    Further unspecified section references are to the Penal Code.

two years' probation, and imposed fines, assessments, and restitutions, including $2,866.26 in victim restitution. On appeal, Brown contends his due process right was violated when the court imposed the victim restitution without conducting a hearing and considering his ability to pay. The Attorney General concedes Brown was entitled to a hearing but not consideration of his ability to pay the victim restitution. We conclude the Attorney General has the better argument. Accordingly, we reverse the restitution order as to the $2,866.26 in victim restitution and remand for a hearing on the issue.

## BACKGROUND[2]

In July 2022, Brown pleaded guilty to residential burglary (§§ 459 & 460, subd. (a)). At sentencing the following month, Brown stipulated to $870 in victim restitution to one of the victims. The court sentenced Brown to 365 days of county jail and two years' formal probation with certain conditions and awarded 380 days of custody credits. It further ordered Brown to pay two amounts of victim restitution (§ 1202.4, subd. (f)), $870 and $2,866.26, to two victims, and imposed other assessments and fines.

After the court imposed $2,866.26 in victim restitution, Brown's counsel asked, "And, your honor, I apologize. Is the court—the court's not willing to give us a restitution review?" The court responded, "[N]o . . . [¶] . . . Documents were submitted. I don't -- That's enough for the court." Brown appealed.

## DISCUSSION

Under section 1202.4, when "a victim has suffered economic loss as a result of the defendant's conduct," the court "shall" impose victim restitution

---

[2] We briefly summarize the facts here to the extent relevant to the limited issues at hand.

on the defendant "based on the amount of loss claimed by the victim or victims or any other showing to the court."  (§ 1202.4, subd. (f); see also Cal. Const., art. I, § 28, subd. (b)(13).)  Victim restitution is a civil remedy, enforceable as if it were a civil judgment, rather than a criminal punishment. (*People v. Evans* (2019) 39 Cal.App.5th 771, 776 (*Evans*).)  We review a restitution order for abuse of discretion.  (*People v. Millard* (2009) 175 Cal.App.4th 7, 26.)

Brown contends the imposition of $2,866.26 in victim restitution— without a hearing and determination of his ability to pay—violated his due process right.[3]  He thus asks for a remand directing the court to hold such hearing *and* make such determination.  The statute squarely addresses both issues.

As the Attorney General concedes, the plain language of section 1202.4, subdivision (f), affords a defendant "the right to a hearing" on the amount of victim restitution.  (§ 1202.4, subd. (f)(1).)  The court therefore abused its discretion in denying Brown's request for such a hearing.

Section 1202.4, subdivision (g), further provides, a " 'defendant's inability to pay shall not be a consideration in determining the amount of a [victim] restitution order.' "[4]  (*People v. Allen* (2019) 41 Cal.App.5th 312, 322, quoting § 1202.4, subd. (g); accord *Evans, supra*, 39 Cal.App.5th at p. 777 ["a defendant's ability to pay victim restitution is not a proper factor to consider

---

[3]  Brown does not contest the other victim restitution of $870.

[4]  Brown relies on *People v. Hartley* (1984) 163 Cal.App.3d 126 (*Hartley*) for the proposition that his ability to pay must be considered before the court could order victim restitution.  However, *Hartley* preceded the 1995 and 1996 amendments to section 1202.4, which added subdivision (g), barring courts from making such consideration.

in setting a restitution award"]; *People v. Abrahamian* (2020) 45 Cal.App.5th 314, 338 [same].)  We therefore reject Brown's contention that his ability to pay should be considered here.

## DISPOSITION

The restitution order is reversed in part as to the $2,866.26 in victim restitution.  The matter is remanded to the trial court to hold a restitution hearing under section 1202.4, subdivision (f).  The order is otherwise affirmed.


McCONNELL, P. J.

WE CONCUR:


O'ROURKE, J.


BUCHANAN, J.

4